IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK LEAP,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **TAKASHI YOSHIDA et al.,** | : | No. 14-3650 |
| *Defendants*. | : | |

## ORDER

**AND NOW**, this 12th day of February, 2015, upon consideration of the Mr. Leap's uncontested Motion for Preliminary Approval of Class and Collective Action Settlement (Docket No. 22), and following hearings on December 5, 2014 and February 5, 2015, and consistent with the Memorandum accompanying this Order, **the Court hereby ORDERS and DECREES that the Motion is GRANTED as follows**:

 1. Plaintiff Derek Leap and Defendants Takashi Yoshida, T.B. Yoshida Inc., and TNM Corporation have agreed to a Joint Stipulation of Settlement and Release (Docket No. 30) regarding Defendants' alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 216(b), the Pennsylvania Minimum Wage Act, 43 Pa. Stat. §§ 333.101 *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. §§ 260.1 *et seq.*, the Philadelphia Gratuity Protection Ordinance, Phila. Code § 9-614, and the common law of unjust enrichment and conversion.

 2. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendants shall promptly provide written notice of the proposed class settlement to the appropriate state and federal officials.

 3. The Court makes no determination concerning the manageability of this action as a class action if it were to go to trial. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 306 (3d Cir. 2005).

4. The Settlement Agreement defines the Class/Collective Members as "all employees who worked at [Defendants' restuarants] Hikaru Center City and Hikaru Manayunk from June 14, 2011 until October 5, 2014."

5. Under the Settlement Agreement, Defendants shall pay a maximum settlement amount of $225,000 (the "Settlement Payment"). The Settlement Payment includes attorneys' fees and costs, awards to Class/Collective Members who join the litigation by submitting an Opt-In Form ("Opt-In Plaintiffs"), a $5,000 service claim to Mr. Leap, and the cost of a claims administrator. The remainder of the Settlement Payment after deducting attorneys' fees and costs, the service claim, and the cost of a claims administrator (the "Net Settlement Fund") will be paid as FLSA damages to the Opt-In Plaintiffs on a percentage basis. Each Opt-In Plaintiff's share of the Net Settlement Fund will be determined by multiplying the Net Settlement Fund by the quotient of the number of hours the Opt-In Plaintiff worked as a server at Hikaru Center City and/or Hikaru Manayunk between June 14, 2011 and October 5, 2014, and 26,353 hours (the total number of hours that all servers worked at those restaurants during the relevant time period). Any money that remains from the Net Settlement Fund after payments are made will be returned to the Defendants.

6. Class/Collective Members who opt in to the lawsuit will release Defendants from liability for

> any Fair Labor Standards Act, Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection law, the Philadelphia Gratuity Protection Ordinance, and the common law of unjust enrichment and conversion claims for unpaid wages, tips, overtime pay, improperly retained credit card fees, liquidated damages, penalties, attorneys' fees, costs, failure to maintain and furnish employees with proper wage records and all other wage and hour claims that were or could have been asserted in the Litigation, whether known or unknown . . . .

7. Class/Collective Members who opt out of the lawsuit by submitting an Opt-Out Form will not release Defendants from any liability.

8. Class/Collective Members who neither opt in to the lawsuit nor opt out of the lawsuit "will be bound by the settlement in all respects, except that they will still be free to pursue their FLSA claims."

9. For the reasons described in the Memorandum accompanying this Order, the Court preliminarily certifies the Class as satisfying the prerequisites of Federal Rule of Civil Procedure 23, and, in particular, Rule 23(b)(3).

10. Derek Leap is preliminarily appointed Class Representative and Jeffrey Goldman, Esq. and Alice W. Ballard, Esq. are preliminarily appointed Class Counsel.

11. For the reasons described in the Memorandum accompanying this Order, the Court preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, and in the best interest of the Class.

12. For the reasons described in the Memorandum accompanying this Order, the Court conditionally certifies the Collective as satisfying the prerequisites of the FLSA, 29 U.S.C. § 216(b).

13. The Court hereby approves the proposed notice plan contained in the parties' Joint Stipulation of Settlement and Release (Docket No. 30), with the following instructions. As Class Counsel will mail the Notice of Proposed Settlement of Class/Collective Action Lawsuit and Fairness Hearing "via First Class United States mail, postage prepaid," the Court finds that, in this case, first class mailing of the notices comports with due process and Federal Rule of Civil Procedure 23(c)(2) as "the best notice practicable under the circumstances."

    a. Class Counsel shall mail notices to Class/Collective Members **within 30 days from the date of this Order**. This first class mail notice shall be in substantially the same format as that submitted to the Court (Docket No. 30).

  b. Any Class/Collective Member who desires to opt in to the lawsuit must mail, fax, or email a signed Opt-In Form to Class Counsel with a postmark date **no later than 60 days after the Notice is mailed**. The appropriate date shall be inserted into the notice.

  c. Any Class/Collective Member who desires to opt out of the lawsuit must mail, fax, or email a signed Opt-Out Form to Class Counsel with a postmark date **no later than 60 days after the Notice is mailed**. The appropriate date shall be inserted into the notice.

  d. Any Class/Collective Member who intends to object to the fairness of the settlement must file a written objection with the Clerk of Court **no later than 45 days after the Notice is mailed**. The appropriate date shall be inserted into the notice.

14. Class counsel is permitted to file a motion for attorneys' fees, costs, and expenses. Class counsel is seeking up to $75,000 in attorneys' fees, costs, and expenses, to be paid from the Settlement Fund. **Any such motion shall be filed no later than May 6, 2015**.

15. Any Motion for Final Approval or other memoranda regarding the approval of the settlement or in response to objections shall be filed **no later than May 6, 2015**.

16. A **Final Fairness Hearing** shall be held at **11:00 AM on May 27, 2015,** in Courtroom 10B, United States Courthouse, 601 Market Street, Philadelphia, PA 19106. This date shall be inserted into the notice.

17. The notice shall provide that Class/Collective Members may respond in writing to the motion for attorneys' fees, costs, and expenses and any other briefing submitted by the parties **no later than May 20, 2015**.

            BY THE COURT:

            S/Gene E.K. Pratter
            GENE E.K. PRATTER
            UNITED STATES DISTRICT JUDGE