IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK LEAP,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **TAKASHI YOSHIDA et al.,** | : | No. 14-3650 |
| *Defendants*. | : | |

## ORDER

**AND NOW**, this 29th day of April, 2016, upon consideration of Plaintiffs' uncontested Motion for Final Approval of Class and Collective Action Settlement and the Memorandum of Law in support thereof (Docket Nos. 40-41), the parties' Joint Stipulation of Settlement and Release (Docket No. 43-1), the parties' Joint Motion for Approval of the Revised Amendment to Joint Stipulation of Settlement and Release (Docket No. 49), the Revised Amendment to Joint Stipulation of Settlement and Release (Docket No. 52), the parties' supplemental Memoranda of Law (Docket Nos. 50-51), Plaintiffs' Petition for Award of Attorneys' Fees, Costs, and Class Representative Service Award (Docket No. 39), and consistent with the fact that Plaintiffs' counsel have received no objections to the proposed Settlement and the fact that no members of the preliminarily approved Class or Collective appeared at the Final Fairness Hearing, **the Court hereby ORDERS as follows**:

1. The **Clerk of Court** shall take this case out of suspense.

2. The parties' Joint Motion for Approval of the Revised Amendment to Joint Stipulation of Settlement and Release (Docket No. 49) is **GRANTED**.

3. Plaintiffs' Petition for Award of Attorneys' Fees, Costs, and Class Representative Service Award (Docket No. 39) is **GRANTED IN PART** and **DENIED IN PART** consistent with the distributions articulated in Paragraph "d" below.

4. Plaintiffs' uncontested Motion for Final Approval of Class and Collective Action Settlement is **GRANTED** as follows:

   a. The Court finds that the Joint Stipulation of Settlement and Release (Docket No. 43-1) as amended by the Revised Amendment to Joint Stipulation of Settlement and Release (Docket No. 52) is fair, reasonable, adequate and binding on all members of the Class and Collective except as specified in Paragraph "f" below.[1]

   b. The Settlement Class is hereby finally certified to consist of all employees who worked as servers at Hikaru Center City or Hikaru Manayunk at any time between June 14, 2011 and October 26, 2014 (the date of the Settlement in this matter).

   c. The Settlement Collective is hereby finally certified to consist of all employees who worked as servers at Hikaru Center City or Hikaru Manayunk at any time between June 14, 2011 and October 26, 2014 (the date of the settlement in this matter) and who opted in to the Settlement.

   d. The **Clerk of Court** is hereby directed to enter judgment in favor of the Settlement Class/Collective in the amount of $225,000 (the "Settlement Amount"), which Settlement Amount shall be paid by way of check payable to Garden City Group and shall be distributed by Garden City Group as follows:

      i. to Derek Leap, in the amount of $5,000 as a service award;

      ii. to Class Counsel, in the amount of $67,500 as attorney's fees;

      iii. to Class Counsel in the amount of $13,578 as recovery of expenses, as specified in Exhibit A hereto, including those expenses payable to Garden

---

[1] The parties have informed the Court that only one individual who received notice submitted an opt-out form. That individual was not a server, and is not properly a member of the Settlement Class/Collective.

City Group for administration of the Settlement, and for which expenses Class Counsel accepts payment responsibility;

 iv. to each of the 17 Class/Collective Members who have opted in to the Settlement (including Mr. Leap), in an amount consisting of: the ratio of the Class/Collective Member's hours worked during the applicable period to the total number of hours worked by all servers during the applicable period, times the Net Settlement Fund of $138,922, less all applicable taxes and/or withholdings;

 v. to Class Members who have not opted in to the Settlement, in an amount consisting of: the ratio of the Class Member's hours worked during the applicable period to the total number of hours worked by all servers during the applicable period, times the Net Settlement Fund of $138,922 times .4, less all applicable taxes and/or withholdings;

 vi. Garden City Group shall pay, on behalf of Defendants, from the remaining Settlement Amount, the employer's portion of all payroll taxes, including Social Security and Medicare (combined at 7.65%) and Federal and State Unemployment taxes (combined at 4.2875%) related to the amounts paid to the Class/Collective Members; and

 vii. After all of the deductions and distributions set forth in parts "i" through "vi" above, all remaining and unclaimed proceeds of the Settlement Amount shall be returned to Defendants by Garden City Group.

e. The Members of the Class/Collective who are participating in the Settlement by virtue of having opted in and receiving an award will have fully and finally released all asserted claims against the Defendants, and are permanently enjoined

from seeking to reopen claims that will have been released upon their receipt of an award.

f.  The Members of the Class who are participating in the Settlement by virtue of not having opted in will be deemed to have fully and finally released all asserted claims against the Defendants except for their Fair Labor Standards Act claim.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE